UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAHLIL O. GONZALEZ,

                              Petitioner,

        -v-

TINA M. STANFORD, Chairwoman of the
New York State Board of Parole,

                              Respondent.[1]

Case No. 13-CV-3324 (KMK)(PED)

ORDER ADOPTING R&R

KENNETH M. KARAS, District Judge:

Kahlil O. Gonzalez ("Petitioner"), proceeding pro se, brings a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 ("Petition"), challenging his conviction for six counts of burglary in the second degree.  (Pet. for Writ of Habeas Corpus ("Pet.") 2 (Dkt. No. 2).)

On December 23, 2014, Magistrate Judge Paul E. Davison ("Judge Davison") issued a Report and Recommendation ("R&R"), recommending that the Court deny the Petition in all respects.  (Dkt. No. 39.)  Petitioner filed timely Objections to the R&R (Pet'r's Obj's to R&R ("Pet'r's Obj's") (Dkt. No. 40)), which the Court has considered.  For the reasons stated herein,

---

[1] By letter dated August 19, 2015, Petitioner informed the Court that he no longer was in custody at the Franklin Correctional Facility.  (Dkt. No. 41.)  The Department of Corrections and Community Supervision ("DOCCS") inmate locator confirms this information.  Thus, Tina M. Stanford, Chairwoman of the New York State Board of Parole, is substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.  *See Jones v. Cunningham*, 371 U.S. 236, 243–44 (1963) (deeming the members of the parole board to be the proper respondents where the petitioner's case against the prison superintendent became moot upon the petitioner's release from prison and the superintendent's custody); *Miller v. Sangiacomo*, No. 10-CV-169, 2010 WL 3749065, at *3 (W.D.N.Y. Sept. 20, 2010) ("In a scenario involving parole or supervised release, in which there is no warden imposing physical restraint, a petitioner may substitute whatever parole board or other governing body is responsible for setting the conditions of supervised release and enforcing them if the petitioner violates those conditions.").  The Clerk of the Court shall amend the caption to reflect the substitution.

the Court rejects Petitioner's Objections to the R&R, adopts the R&R in its entirety, and dismisses the Petition.

## I.  Background

Although the Court assumes the Parties' general familiarity with the factual and procedural background of this case as set forth in the thorough R&R, the Court will briefly summarize the facts most salient to the Petition.

### A.  Factual Background

From March 18, 2008 through May 12, 2008, Petitioner burglarized six homes in Westchester County, including a home in the Village of Pleasantville ("Pleasantville").  (R&R 2.)  Local police departments investigated the burglaries, and two confidential informants provided information implicating Petitioner.  (*Id.* at 2–3.)  On May 14, 2008, police officers stopped Petitioner while he was driving in Pleasantville, after having previously identified Petitioner on surveillance video at the location of the Pleasantville burglary.  (*Id.* at 3.)[2] Detective Sergeant Stephen Bonura ("Bonura") then arrested Petitioner for his suspected involvement in the burglary.  (*Id.*)  On May 15, 2008, police executed a search warrant of Petitioner's apartment and recovered multiple items of personal property.  (*Id.*)  The items were positively identified as stolen property by victims of the six burglaries.  (*Id.*)[3]

---

[2] The R&R states that "Pleasantville police officers . . . stopped [P]etitioner as he was driving his vehicle on Broadway in Pleasantville."  (R&R 3.)  Petitioner asserts that "it was the Mount Pleasant Police Department who[] initially stopped Petitioner on May 14, 2008."  (Pet'r's Obj's ¶ 5(iii).)  This objection will be revisited below.

[3] Petitioner objects to this point, contending that "it has not been established on the instant record—or through any evidentiary or discovery hearing—what was recovered and/or presented as evidence from the burglaries . . . ."  (Pet'r's Obj's ¶ 5(iv).)

<u>1.  Disciplinary Charges Against Bonura</u>

On May 20, 2008, *The Journal News* published an article discussing Petitioner's arrest, which included statements from Bonura criticizing the Westchester District Attorney's lenient treatment of Petitioner in connection with his prior arrests.  (*Id.* at 3–4.)  That same day, the Pleasantville Police Department suspended Bonura and initiated an internal investigation concerning both his comments to the newspaper and his arrest of Petitioner.  (*Id.* at 4.)  On October 20, 2008, the Pleasantville Police Department brought 60 disciplinary charges against Bonura.  (*Id.*)  On or about December 18, 2008, Pleasantville commenced disciplinary hearings against Bonura, which continued until February 2009, when Bonura filed for retirement.  (*Id.* at 6.)  No determination was ever made in connection with the charges filed against Bonura.  (*Id.*)

<u>2.  Petitioner's Criminal Prosecution</u>

On May 20, 2008, Petitioner was arraigned in Pleasantville Village Court on a felony complaint for second-degree burglary and pled not guilty.  (*Id.*)  On July 29, 2008, during a Superior Court Information ("SCI") conference in Westchester County Court, the prosecution offered Petitioner the opportunity to plead guilty to second-degree burglary and fourth-degree criminal possession of stolen property in exchange for a sentence of incarceration between seven and 15 years and restitution judgments in favor of the victims.  (*Id.*)  On September 15, 2008, another SCI conference was held, and the matter was adjourned until October 6, 2008 for Petitioner's arraignment on the SCI pleading and his guilty plea thereto.  (*Id.*)  At that time, Petitioner rejected the plea offer, and the matter was returned to local court.  (*Id.*)

On or about December 18, 2008, evidence was presented to a Westchester County grand jury, which returned an indictment charging Petitioner with six counts of second-degree burglary, nine counts of petit larceny, and nine counts of fifth-degree criminal possession of

stolen property.  (*Id.* at 7.)  On January 13, 2009, Petitioner was arraigned on the indictment and pled not guilty.  (*Id.*)

On July 16, 2009, Petitioner appeared with counsel and indicated he would be willing to plead guilty to second-degree burglary in exchange for an aggregate term of incarceration of seven years.  (*Id.*)  The trial court responded that it would be willing to sentence Petitioner to concurrent terms of 10 years' imprisonment for each of the six burglaries in exchange for a guilty plea.  (*Id.*)  Petitioner rejected the offer.  (*Id.*)

On July 29, 2009, Petitioner sought documents from Pleasantville via a Freedom of Information Act ("FOIA") request, including, among others, documents in connection with the Pleasantville Police Department's investigation of Bonura.  (*Id.* at 7–8.)

### 3.  Petitioner's Guilty Plea

On August 4, 2009, Petitioner appeared with counsel in Westchester County Court, where defense counsel represented that he had conveyed to Petitioner the court's updated offer of six concurrent determinate sentences of eight and a half years, in exchange for Petitioner's guilty plea.  (*Id.* at 8.)  Petitioner asked for additional time to consider the offer, which the court denied. (*Id.* at 8–9.)  Petitioner subsequently accepted the offer, (*id.* at 9), stating under oath that he was entering the plea freely and voluntarily, and that he was pleading guilty because he was, in fact, guilty, (*id.* at 10–16).[4]

### B.  Procedural Background

Since Petitioner pled guilty, he has filed multiple appeals and petitions.  The R&R comprehensively recounts Petitioner's filings and claims raised therein, which the Court will briefly review.  (*See id.* at 16–19.)

---

[4] Petitioner subsequently asserted in his Petition, however, that his plea "was not knowing, intelligent[,] and voluntary."  (Pet. 8–11.)  This contention will be discussed below.

### 1.  Direct Appeal

Petitioner filed a pro se notice of appeal on December 24, 2009.  (*Id.* at 16.)  On or about February 11, 2011, Petitioner, represented by counsel, appealed the judgment of conviction to the Appellate Division, Second Department, on the ground that his guilty plea should be set aside because it was not knowing, voluntary, and intelligent.  (*Id.*)  Petitioner specifically argued that the disciplinary charges against Bonura reflected a "specter of wrongdoing by law enforcement" that undermined the validity of his arrest and compelled him to accept a plea deal "because a police officer was out to get him."  (*Id.* (internal quotation marks omitted).)  On April 4, 2011, the Second Department granted the prosecution's motion to strike Petitioner's appellate brief and directed Petitioner to "serve and file a replacement brief that does not contain exhibits or refer to matter dehors the record."  (*Id.* at 16–17.)[5]

On or about April 25, 2011, Petitioner's appellate counsel filed an *Anders* brief requesting to be relieved as attorney of record in light of the absence of non-frivolous issues.  (*Id.* at 17.)[6]  By letter dated April 25, 2011, counsel sent Petitioner a copy of the *Anders* brief and transcripts, notified him of his right to file a pro se supplemental brief, and provided him with instructions on how to do so.  (*Id.*)  Petitioner did not file a supplemental brief.  (*Id.*)  On July 5, 2011, the Second Department affirmed Petitioner's judgment of conviction, "agree[ing] with

---

[5] According to Petitioner, his counsel "served and filed a second appellate-brief—which was also rejected—prior to counsel's [submission of his *Anders*] brief."  (Pet'r's Obj's ¶ 11.)  The Court's review of the record before it reveals no such brief.  In any event, the existence of such a submission is immaterial for present purposes.

[6] Pursuant to *Anders v. California*, 386 U.S. 738 (1967), if counsel finds a case to be "wholly frivolous, . . . he [or she] should so advise the court and request permission to withdraw," which must be accompanied by a brief referring to anything in the record that might arguably support the appeal.  *Id.* at 744.

[Petitioner's] assigned counsel that there are no nonfrivolous issues which could be raised on appeal." (*Id.* (citing *People v. Gonzalez*, 926 N.Y.S.2d 322 (App. Div. 2011)).)

### 2. Motion to Vacate the Judgment of Conviction

On or about November 4, 2011, Petitioner filed a pro se motion to vacate his judgment of conviction pursuant to N.Y. Crim. Proc. Law ("CPL") § 440.10. (*Id.*)[7] Petitioner therein argued that his guilty plea should be vacated because it was (1) procured by duress, misrepresentation, and fraud due to the prosecution's withholding of information concerning the departmental charges filed against Bonura, and (2) coerced by the trial court's statements and refusal to grant an adjournment. (*Id.*) On August 30, 2012, the Westchester County Court denied Petitioner's § 440.10 motion on the grounds that (1) Petitioner's record-based claims were procedurally barred, and (2) all of his arguments lacked merit. (*Id.* at 17–18.)

On or about July 16, 2012, prior to the County Court's order denying his motion to vacate, Petitioner filed a motion seeking leave to appeal to the Second Department based upon the lack of a decision from the lower court. (*Id.* at 18.) After the lower court issued its decision, Petitioner filed a "Supplemental Addendum" to his pending application, seeking leave to appeal the lower court's denial of his motion to vacate. (*Id.*) By order dated October 17, 2012, the Second Department denied Petitioner leave to appeal, and on November 5, 2012, the Second Department denied Petitioner's motion for reargument. (*Id.*) On or about November 5, 2012, Petitioner sought leave to appeal the Second Department's denial of leave to appeal and the County Court's denial of his motion to vacate. (*Id.*) On January 15, 2013, the Court of Appeals dismissed Petitioner's application. (*Id.* (citing *People v. Gonzalez*, 984 N.E.2d 329 (N.Y.

---

[7] According to Petitioner, he "sent [this] motion on June 24, 2011—prior to the final adjudication of his direct appeal." (Pet'r's Obj's ¶ 5(v).) The record indicates that Petitioner's § 440.10 motion was notarized on June 24, 2011. (Resp't's Mem. of Law in Opp'n to Pet. ("Resp't's Opp'n") Ex. N, Part I, at 13 (Dkt. No. 19).)

2013)).) On March 13, 2013, the Court of Appeals denied Petitioner's motion for reconsideration. (*Id.* (citing *People v. Gonzalez*, 988 N.E.2d 533 (N.Y. 2013)).)

### 3. Petition for Federal Writ of Habeas Corpus

Petitioner timely filed the instant Petition on or about April 24, 2013, within the one-year statute of limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A). (*Id.* at 19.) He asserts several grounds for relief: (1) the Second Department's denial of leave to appeal from the County Court's denial of Petitioner's motion to vacate deprived him of due process; (2) Petitioner's guilty plea was not voluntary or knowing; (3) the prosecution's failure to disclose, prior to Petitioner's guilty plea, exculpatory information concerning the internal investigation of and disciplinary charges against Bonura deprived Petitioner of due process, equal protection, and a fair trial; (4) the prosecution's failure to disclose exculpatory information concerning the credibility, criminal involvement, and conflict of interest of the key informant deprived Petitioner of due process, equal protection, and a fair trial; and (5) Petitioner was deprived of due process because the police misconduct "caused a snowball effect which initiated further prosecutorial misconduct and pervaded the entire proceeding with blatant prejudice." (*Id.* (internal quotation marks omitted).)

## II. Discussion

### A. Applicable Law

#### 1. Review of a Magistrate Judge's R&R

A district court reviewing a report addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), a party may submit objections to the magistrate judge's report and recommendation. The

objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made

"[w]ithin 14 days after being served with a copy of the recommended disposition," *id.*; *see also*

28 U.S.C. § 636(b)(1), plus an additional three days when service is made pursuant to Federal

Rule of Civil Procedure 5(b)(2)(C)–(F), *see* Fed. R. Civ. P. 6(d), for a total of 17 days.

Where a party timely submits objections to a report and recommendation, as Petitioner

has done here, the district court reviews de novo the parts of the report to which the party

objected.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  In contrast, "[a] district court

evaluating a magistrate judge's report may adopt those portions of the report to which no

'specific, written objection' is made, as long as the factual and legal bases supporting the

findings and conclusions set forth in those sections are not clearly erroneous or contrary to law."

*Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R.

Civ. P. 72(b)), *aff'd sub nom. Hochstadt v. N.Y. State Educ. Dep't*, 547 F. App'x 9 (2d Cir.

2013).

### 2.  Habeas Corpus

"Habeas review is an extraordinary remedy," *Bousley v. United States*, 523 U.S. 614, 621

(1998), and a petitioner seeking a writ of habeas corpus must comply with the strict requirements

of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2254.

First, a federal habeas petition must be timely, i.e. submitted within AEDPA's one-year statute of

limitations.  28 U.S.C. § 2244(d).  The limitations period is subject to equitable tolling, which is

warranted only when a petitioner has shown "(1) that he [or she] has been pursuing his [or her]

rights diligently, and (2) that some extraordinary circumstances . . . prevented timely filing."

*Finley v. Graham*, No. 12-CV-9055, 2016 WL 47333, at *5 (S.D.N.Y. Jan. 4, 2016) (alterations

in original) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Second, a petitioner must have exhausted his or her federal constitutional claims in state court.  28 U.S.C. § 2254(b)(1)(A); *see also Sepulveda v. New York*, No. 08-CV-5284, 2013 WL 1248379, at \*2 (S.D.N.Y. Mar. 26, 2013) ("[U]nexhausted claims generally may not be considered on habeas review.").  To satisfy the exhaustion requirement, a petitioner must have presented to the state court "all of the essential factual allegations" and "essentially the same legal doctrine" asserted in the federal habeas petition.  *Daye v. Att'y Gen. of N.Y.*, 696 F.2d 186, 191–92 (2d Cir. 1982) (en banc); *see also Chellel v. Miller*, No. 04-CV-1285, 2008 WL 3930556, at \*4 (E.D.N.Y. Aug. 21, 2008) ("A petitioner must present the substance of a habeas corpus claim to the state court, including its federal constitutional dimension, before a federal habeas court can consider it.")*.*  In addition, "a habeas petitioner satisfies the exhaustion requirement if he or she has presented his or her claims for post-conviction relief to the highest state court."  *Finley*, 2016 WL 47333, at \*5 (alterations and internal quotation marks omitted); *see also Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005) (noting that exhaustion requires claims be presented to the highest state court).

Third, a federal court "will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment."  *Downs v. Lape*, 657 F.3d 97, 101 (2d Cir. 2011) (internal quotation marks omitted); *see also Lisojo v. Rock*, No. 09-CV-7928, 2010 WL 1223086, at \*21 (S.D.N.Y. Mar. 31, 2010) (noting that preclusion of federal review is proper when "the last state court to render judgment . . . clearly and expressly state[s] that its judgment rested on a state procedural bar" (alterations and internal quotation marks omitted)), *adopted by* 2010 WL 1783553 (S.D.N.Y. Apr. 29, 2010).  In "exceptional cases," the "exorbitant application of a generally sound [state procedural] rule renders the state ground inadequate to stop

9

consideration of a federal question." *Lee v. Kemna*, 534 U.S. 362, 376 (2002). Furthermore, a federal court will not "consider claims that have not been exhausted by fair presentation to the state courts, unless the petitioner 'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Acosta v. Artuz*, 575 F.3d 177, 184 (2d Cir. 2009) (citations omitted) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Once these three procedural hurdles are cleared, AEDPA provides that a petitioner is entitled to habeas corpus relief only if he or she can show that "the state court unreasonably applied law as established by the Supreme Court in ruling on [the] petitioner's claim, or made a decision that was contrary to it." *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008) (internal quotation marks omitted); *see also Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam) ("[I]t is the habeas applicant's burden to show that the state court applied [federal law] to the facts of his case in an objectively unreasonable manner."); *Lisojo*, 2010 WL 1223086, at *18 (noting that federal courts pay "the state court's adjudication a high degree of deference [such that] [i]t is the petitioner's burden to demonstrate that the state court applied the relevant clearly established law to the record in an unreasonable manner" (internal quotation marks omitted)). "While the precise method for distinguishing objectively unreasonable decisions from merely erroneous ones is somewhat unclear, it is well-established in [the Second] Circuit that the objectively unreasonable standard of § 2254(d)(1) means that [the] petitioner must identify some increment of incorrectness beyond error in order to obtain habeas relief." *Sorto v. Herbert*, 497 F.3d 163, 169 (2d Cir. 2007) (alteration, italics, and internal quotation marks omitted); *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that

determination was unreasonable—a substantially higher threshold.").  Consequently, a federal court must deny a habeas petition in some circumstances even if the court would have reached a conclusion different from that of the state court because "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Harrington v. Richter*, 562 U.S. 86, 102 (2011); *see also Cullen v. Pinholster*, 563 U.S. 170, 202–03 (2011) ("Even if the [federal court] might have reached a different conclusion as an initial matter, it was not an unreasonable application of our precedent for the [state court] to conclude that [the petitioner] did not establish prejudice."); *Hawthorne v. Schneiderman*, 695 F.3d 192, 197 (2d Cir. 2012) ("Although we might not have decided the issue in the way that the [state court] did—and indeed we are troubled by the outcome we are constrained to reach—we . . . must defer to the determination made by the state court . . . ." (citation omitted)).

Where, as here, a petitioner proceeds pro se, the court considers all of the petitioner's submissions in keeping with the special solicitude afforded to pro se litigants.  *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (explaining that "a court is ordinarily obligated to afford a special solicitude to pro se litigants" because such litigants "generally lack[] both legal training and experience" (italics omitted)).  However, this solicitude does not "exempt a party from compliance with relevant rules of procedural and substantive law."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (per curiam) (internal quotation marks omitted).

B.  Analysis

1.  Petitioner's Procedurally Barred Claim

Addressing the Petition's allegation that he was coerced into a plea agreement, Judge Davison found that claim barred on the basis of the state court's adequate and independent

finding that Petitioner procedurally defaulted on his challenge to the sufficiency of his guilty plea.  (*See* R&R 26–28.)  Petitioner generally objects to this conclusion, (*see* Pet'r's Obj's ¶¶ 10, 15, 23), and further argues that the R&R's determination is "contrary to clearly established Federal law," (*id.* ¶ 14).

As noted, "[i]n addressing a habeas petition, a federal court must not 'review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'"  *Henry v. Conway*, No. 04-CV-4298, 2005 WL 1861738, at \*2 (E.D.N.Y. Aug. 3, 2005) (quoting *Coleman*, 501 U.S. at 729); *see also Levine v. Comm'r of Corr. Servs.*, 44 F.3d 121, 126 (2d Cir. 1995) ("Federal habeas review is prohibited if a state court rests its judgment on an adequate and independent state ground." (internal quotation marks omitted)).  Failure to comply with state procedural requirements, including the failure to raise an issue on appeal, constitutes a valid independent and adequate state ground.  *See Clark v. Perez*, 510 F.3d 382, 393 (2d Cir. 2008) (holding that the failure to raise an issue on appeal constitutes an adequate state procedural bar to a federal habeas petition); *Sweet v. Bennett*, 353 F.3d 135, 140 (2d Cir. 2003) (holding where a petitioner "waived the [habeas] claim under § 440.10(2)(c) . . . [the] claim [was] procedurally defaulted for the purposes of federal habeas review as well"); *Edwards v. Marshall*, 589 F. Supp. 2d 276, 285 (S.D.N.Y. 2008) ("Where a petitioner fails to comply with state procedural rules, his claim is procedurally defaulted and is not cognizable on habeas review.").  "In the case of procedural default (including where an unexhausted claim no longer can proceed in state court), [a federal court] may reach the merits of the claim 'only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent.'"  *McFadden v. Pataki*, No. 06-CV-13330, 2014 WL 1759795, at \*5 (S.D.N.Y. Apr. 25, 2014) (some internal quotation marks

12

omitted) (quoting *St. Helen v. Senkowski*, 374 F.3d 181, 184 (2d Cir. 2004)); *see also Clark*, 510 F.3d at 393 ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." (internal quotation marks omitted)).

As to Petitioner's claim that his guilty plea was not knowing, intelligent, or voluntary, the Court agrees that his procedural default in state court bars federal review of this alleged basis for habeas review.  (*See* R&R 28.)  A state court procedural default will bar habeas review when "the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar."  *Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005) (quoting *Glenn v. Bartlett*, 98 F.3d 721, 724 (2d Cir. 1996)).  Furthermore, "federal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim."  *Id.* (quoting *Glenn*, 98 F.3d at 724).  In this case, the state court found that Petitioner waited to raise an argument relating to the sufficiency of his guilty plea until he filed his § 440.10 motion, despite his opportunity to file a pro se supplemental brief in his direct appeal.  (Resp't's Mem. of Law in Opp'n to Pet. ("Resp't's Opp'n") Ex. Q 2–3 (Dkt. No. 19).)  Thus, because the state court rejected Petitioner's claim on procedural grounds, "this Court must treat that claim as 'procedurally defaulted,'" *James v. Mazzuca*, 387 F. Supp. 2d 351, 359–60 (S.D.N.Y. 2005) (quoting *Aparicio v. Artuz*, 269 F.3d 78, 89–90 (2d Cir. 2001)), unless Petitioner "can demonstrate both cause for the default and actual prejudice, or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice," *id.* at 360 (emphasis omitted) (citing *Coleman*, 501 U.S. at 750).

"To establish cause for a default, a petitioner must adduce 'some objective factor external to the defense' which explains why he did not raise the claim previously." *Id.* (some internal quotation marks omitted) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Petitioner has not offered any explanation for his failure to timely raise specific issues for consideration by the County Court, nor has he demonstrated—let alone suggested—actual prejudice.  (*See generally* Pet'r's Obj's.)[8]  Furthermore, Petitioner has not raised, and the record does not show, any evidence that failure to consider this claim would result in a fundamental miscarriage of justice, which is an "extraordinary instance[] when a constitutional violation probably has caused the conviction of one innocent of the crime." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991); *see also Rodriguez v. Vance*, No. 12-CV-5418, 2015 WL 5172899, at *12 (S.D.N.Y. Sept. 3, 2015) (same).  Because the state court judgment clearly and expressly relied on a state procedural bar, and no grounds for excusing the resulting default have been shown, federal habeas review is unavailable for this claim.

### 2.  Petitioner's Exhausted Claims

#### a.  Denial of Leave to Appeal

The R&R concluded that "[P]etitioner had no right to have his appeal heard by the Second Department" such that "the appellate division's denial of leave to appeal did not deprive Petitioner of due process."  (R&R 29.)  In response, Petitioner alleges that the R&R "erroneously

---

[8] In his reply papers, Plaintiff asserts, without support or further specificity, that "a supplemental pro se brief would have done nothing more than squander judicial resources and redundantly cause further delay in obtaining relief."  (Pet'r's Reply in Supp. of Pet. 5 (Dkt. No. 21).)  Only loosely referenced as part of his Objections, (*see* Pet'r's Obj's ¶ 23), this argument falls far short of demonstrating "'some objective factor external to the defense' [that] explains why he did not raise the claim previously," *James*, 387 F. Supp. 2d at 360 (quoting *Murray*, 477 U.S. at 488).

circumvents the merits of GROUND ONE of the Petition by merely parroting New York

appellate procedure."  (Pet'r's Obj's ¶ 21.)

The R&R does no such thing.  Rather, Judge Davison correctly noted that the

Constitution does not impose on the states an obligation to provide appellate review of criminal

convictions.  (*See* R&R 28–29 (citing *Halbert v. Michigan*, 545 U.S. 605, 610 (2005)).)  Indeed,

it is well settled that "[t]here is . . . no constitutional right to an appeal."  *Jones v. Barnes*, 463

U.S. 745, 751 (1983); *see also Griffin v. Illinois*, 351 U.S. 12, 18 (1956) ("[A] State is not

required by the Federal Constitution to provide appellate courts or a right to appellate review at

all.").  Although New York law provides that a defendant may appeal the denial of a § 440.10

motion as long as a certificate granting leave to appeal is obtained, *see* N.Y. Crim. Proc. Law

§ 450.15, "[a] defendant has no such fundamental right or basic entitlement to appeal where the

defendant must seek permission to appeal to the intermediate appellate court pursuant to CPL

[§] 450.15," *People v. Harrison*, — N.E.3d —, 2016 WL 2349958, at *3 (N.Y. May 5, 2016).[9]

Because Petitioner does not "have a constitutional right to a direct appeal of [his] criminal

convictions, then, a fortiori, one cannot find a constitutional entitlement of an appeal as of right

in the context of a statutorily-created, collateral vehicle such as a . . . § 440.10 post-judgment

motion for vacatur."  *Parker v. Herbert*, No. 02-CV-373, 2009 WL 2971575, at *61 (W.D.N.Y.

May 28, 2009) (italics omitted) (report and recommendation); *see also Word v. Lord*, No. 04-

CV-328, 2009 WL 4790222, at *6 (S.D.N.Y. Dec. 11, 2009) ("Since a state criminal defendant

enjoys no right to post-conviction remedies, most federal courts have rejected due process claims

arising out of the conduct of state courts in post-conviction proceedings, holding that such claims

---

[9] As an aside, the Court notes that Petitioner, in neither the Petition nor his Objections, raised any specific claims that New York's limitation on the right to appeal the denials of § 440.10 motions violates any federal constitutional right cognizable on habeas review.  (*See* Pet'r's Obj's ¶¶ 5(v), 12, 21.)

are also not cognizable on habeas review." (internal quotation marks omitted)).  Accordingly, Petitioner's objection as to this claim is overruled.

### b. Withholding of Exculpatory Material Regarding Bonura

Petitioner also objects to the R&R's conclusion that Petitioner was not entitled to information that he believed to be exculpatory, constituting a *Brady* violation.  (Pet'r's Obj's ¶ 9 (citing R&R 29–30).)  Judge Davison observed, in the first instance, that the information at issue may not, in fact, be "exculpatory" or otherwise *Brady* material.  (*See* R&R 29.)  Putting that aside, the R&R correctly noted "that 'the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant.'"  (*Id.* (quoting *United States v. Ruiz*, 536 U.S. 622, 633 (2002)).)  Furthermore, "the Supreme Court has consistently treated exculpatory and impeachment evidence in the same way for the purpose of defining the obligation of a prosecutor to provide *Brady* material prior to trial, . . . and the reasoning underlying *Ruiz* could support a similar ruling for a prosecutor's obligations prior to a guilty plea."  *Friedman v. Rehal*, 618 F.3d 142, 154 (2d Cir. 2010) (citing *United States v. Bagley*, 473 U.S. 667, 676 (1985); *Giglio v. United States*, 405 U.S. 150, 153–54 (1972)).  Therefore, "a state court decision on that issue could not have been 'contrary to clearly established federal law, as determined by the Supreme Court of the United States,'" *Powell v. Graham*, No. 10-CV-1961, 2013 WL 37565, at *15 (E.D.N.Y. Jan. 3, 2013) (quoting 28 U.S.C. § 2254(d)(1)), because "[a] habeas petition may not be granted on an issue of law that has not yet been resolved," *id.*; *see also Friedman*, 618 F.3d at 154–55 (discussing *Ruiz* and holding that, because no clearly established federal law has been established as to the application of *Brady* to a guilty plea, such a claim was not cognizable on habeas review).  Thus, notwithstanding Petitioner's unsubstantiated assertion to the contrary, (*see* Pet'r's Obj's ¶ 9), the Court agrees

that Petitioner's claim regarding exculpatory information withheld prior to his guilty plea is not cognizable on habeas review. His objections on this point are thereby overruled.

### 3. Petitioner's Unexhausted Claims

#### a. Withholding of Exculpatory Material Regarding the Key Informant

Judge Davison concluded that several of Petitioner's claims—namely, that the prosecution failed to disclose exculpatory information regarding a key informant—are barred from federal habeas review because they were not exhausted, as required under ADEPA. (*See* R&R 30–35.)[10] Petitioner objects, in particular, to the R&R's conclusion "that GROUND FOUR of the Petition is unexhausted." (Pet'r's Obj's ¶ 16.)

"[A]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has

---

[10] Petitioner also objects to the "inequitable denial of Petitioner's applications for habeas evidentiary hearing and habeas discovery." (Pet'r's Obj's ¶ 1.) Although the R&R does not specifically address this issue, the Court finds that at this late stage, "Petitioner has not satisfactorily shown why he is entitled to discovery." *Parrish v. Lee*, No. 10-CV-8708, 2015 WL 7302762, at *3 n.3 (S.D.N.Y. Nov. 18, 2015). "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Id.* (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). For that reason, leave of the court is required to conduct discovery, and a petitioner must show "good cause" for any discovery. *See id.* (citing Rules Governing § 2254 Cases Rule 6(a) ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.")); *see also Bracy*, 520 U.S. at 909 (finding that the petitioner had made a sufficient showing—"as required by Habeas Corpus Rule 6(a)"—to establish good cause for discovery); *Drake v. Portuondo*, 321 F.3d 338, 346 (2d Cir. 2003) ("Although a habeas petitioner . . . is not entitled to discovery as a matter of ordinary course, discovery may be granted upon a showing of good cause." (internal quotation marks omitted)). Here, Petitioner asserts that the R&R was "prepared subsequent to an inequitable denial" of Petitioner's applications for discovery, (Pet'r's Obj's ¶ 1), whereby he sought documents that supposedly would "corroborate specific allegations of inexcusable police misconduct on the part of the arresting official," (Pet'r's Mem. of Law in Supp. of Pet. 4 (Dkt. No. 27)). Yet, "[b]ecause Petitioner's request seems to relate only to . . . unsubstantiated suspicions of a *Brady* violation, he has not shown good cause for allowing discovery." *Parrish*, 2015 WL 7302762, at *3 n.3 (citing Rules Governing § 2254 Cases Rule 6(a)); *see also Parker*, 2009 WL 2971575, at *58 ("The Supreme Court has never held . . . that a defendant's due process right to the disclosure of favorable evidence under *Brady* 'create[s] a

exhausted the remedies available in the courts of the State . . . ."  28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court.").  "To satisfy § 2254's exhaustion requirement, a petitioner must present the substance of the same federal constitutional claims that he now urges upon the federal courts, to the highest court in the pertinent state." *Aparicio*, 269 F.3d at 89–90 (alteration, citation, and internal quotation marks omitted); *see also Chebere v. Phillips*, No. 04-CV-296, 2013 WL 5273796, at *19 (S.D.N.Y. Sept. 18, 2013) (noting that "the exhaustion requirement is fulfilled when [a petitioner's] claims have been presented to the highest court of the pertinent state" (internal quotation marks omitted)).  Based on the record, the Court finds that Petitioner failed to fairly present the claims to the Appellate Division for review, as he was required to do to obtain the requested relief.  As Judge Davison noted, Petitioner first presented this claim in his § 440.10 *reply* papers, arguing that the disclosure of the exculpatory information "could affect the ultimate decision on a suppression motion."  (R&R 34 (citing Resp't's Opp'n Ex. P, at 14).)  "Under New York law, however, a claim of error first raised in a reply brief is not properly presented to the reviewing court." *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000) (citing *People v. Ford*, 505 N.E.2d 615 (N.Y. 1987)); *see also Rustici v. Phillips*, 308 F. App'x 467, 469 (2d Cir. 2009) (same); *Pantoja v. N.Y. State Div. & Bd. of Parole*, No. 11-CV-9709, 2013 WL 865905, at *2 (S.D.N.Y. Mar. 8, 2013) (same).  Thus, because Petitioner failed to properly raise this issue for consideration by the Appellate Division, as required by CPL § 440.10(2)(c), the claim of withheld information regarding the key informant is not sufficiently exhausted, and it is thus barred from habeas review.

---

broad, constitutionally required right of discovery.'" (second alteration in original) (quoting *Bagley*, 473 U.S. at 675 n.7)).  Petitioner's objection is thereby rejected.

b.  Police and Prosecutorial Misconduct

Petitioner challenges the R&R's conclusion that his police and prosecutorial misconduct claim is unexhausted because neither the Second Department nor the Appellate Division considered the claim.  (*See* R&R 31–32.)  Specifically, he argues that the R&R "sets forth a contradiction in erroneously holding that . . . [the claim] should be deemed unexhausted" while stating earlier that a court may stay the proceedings and allow a petitioner to return to state court to address such an issue.  (Pet'r's Obj's ¶ 17 (citing R&R 24).)  Additionally, Petitioner challenges Judge Davison's determination that the claim is plainly meritless.  (*See id.* ¶ 18; *see also* R&R 34 (concluding "there is no merit to [P]etitioner's [police and prosecutorial misconduct] claim for habeas relief").)

It is well established that "[a] district court may not rule on a 'mixed petition' containing exhausted and unexhausted claims; in such cases, a district court should dismiss the petition without prejudice and give state courts the opportunity to rule on the unexhausted claims."  *Hall v. Woods*, No. 07-CV-9264, 2012 WL 2864505, at *5 (S.D.N.Y. July 12, 2012) (citing *Rose v. Lundy*, 455 U.S. 509, 518–20 (1982)).  However, "[a] district court has discretion to stay [a] mixed petition to allow [a] petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition," provided there is "good cause for the petitioner's failure to exhaust his claims first in state court."  *Rhines v. Weber* 544 U.S. 269, 271–72, 277 (2005).  In order to petition for a stay, a petitioner must first show that he had good cause for failing to exhaust any claims in state court and also that his claims are not plainly meritless.  *See id.* at 277 (explaining that a stay "is only appropriate" where "there was good cause for the petitioner's failure to exhaust his claims first in state court" and so long as those "unexhausted claims are [not] plainly meritless"); *Chu v. Artus*, No. 07-CV-

6684, 2011 WL 8202381, at *15 (S.D.N.Y. Aug. 9, 2011) ("If . . . the petitioner has not shown

good cause for his failure to exhaust any unexhausted claims, or if those claims are plainly

meritless, then the issuance of a stay would be an abuse of the [c]ourt's discretion."), *adopted by*

2012 WL 2899378 (S.D.N.Y. July 16, 2012).

The R&R correctly found that the instant Petition is mixed, as the record reveals that the

state courts never considered Petitioner's claim regarding police and prosecutorial

misconduct.  (R&R 32.)  While the Court could stay the Petition "to allow [P]etitioner to present

his unexhausted claim[] to the state court" in the event of  "good cause for [his] failure to

exhaust," *Rhines*, 544 U.S. at 277, Petitioner has made no such showing of—or even hinted at—

good cause that would merit a stay of his Petition, (*see generally* Pet'r's Obj's).

Moreover, as did Judge Davison, (*see* R&R 33–34), this Court concludes that the record

plainly demonstrates that Petitioner's guilty plea was knowing, voluntary, and intelligent, (*see id.*

8–16 (presenting transcript of Petitioner's plea colloquy)), such that his police/prosecutorial

misconduct claim is "plainly meritless," *Rhines*, 544 U.S. at 277–8.[11]  At the plea hearing,

Petitioner explicitly acknowledged that he understood the content of the plea agreement; that he

was, in fact, guilty; that no one threatened, coerced, or forced him to plead guilty; and that the

plea was made freely and voluntarily.  (*See* R&R 10–16.)  "Statements made by a defendant

during his guilty plea allocution 'carry a strong presumption of verity . . . and are generally

treated as conclusive in the face of the defendant's later attempt to contradict them.'"  *Jacks v.*

*Lempke*, No. 09-CV-8768, 2012 WL 3099069, at *10 (S.D.N.Y. July 24, 2012) (alteration in

original) (quoting *Adames v. United States*, 171 F.3d 728, 732 (2d Cir. 1999)), *adopted by* 2012

WL 3930098 (S.D.N.Y. Sept. 10, 2012); *see also Ramirez v. Lempke*, No. 13-CV-72, 2014 WL

---

[11] The Court pauses to note that Petitioner's Objections raise no issue as to the accuracy of this transcript.  (*See generally* Pet'r's Obj's.)

3106218, at *9 (N.D.N.Y. July 7, 2014) (rejecting the petitioner's "argument that his plea was involuntary, unknowing, and unintelligent" because "[t]he record indicate[d] that [he] repeatedly acknowledged the rights he was waiving and the consequences of his plea, and a criminal defendant's selfinculpatory statements made under oath at his plea allocution 'carry a strong presumption of verity'" (quoting *United States v. Maher*, 108 F.3d 1513, 1530 (2d Cir. 1997))). Thus, "[b]ecause Petitioner's plea was knowing and voluntary, Petitioner cannot assert pre-plea grounds for habeas relief." *Hayes v. Lee*, No. 11-CV-1365, 2015 WL 5943677, at *8 (S.D.N.Y. Oct. 13, 2015). The Court therefore finds Petitioner's police/prosecutorial misconduct claim unexhausted, unexcused by "good cause," and "plainly meritless." There is no basis to disrupt Judge Davison's finding here.

### 4. Petitioner's Other Objections

#### a. Lack of Specificity

Many of Petitioner's other objections do not put forward specific arguments addressing Judge Davison's determinations. (*See, e.g.*, Pet'r's Obj's ¶¶ 12–13, 18, 22.) "Although the objections to a report and recommendation of a pro se party should be accorded leniency, even a pro se party's objections must be specific and clearly aimed at particular findings in the magistrate's proposal." *Blume v. Martuscello*, No. 13-CV-4310, 2016 WL 1070847, at *13 n.14 (S.D.N.Y. Mar. 15, 2016) (alterations and internal quotation marks omitted); *see also Williams v. Woodhull Med. & Mental Health Ctr.*, 891 F. Supp. 2d 301, 310 (E.D.N.Y. 2012) ("[E]ven where an objection has been filed pro se, an objection to a report and recommendation in its entirety does not constitute a specific written objection within the meaning of Rule 72(b)." (alteration and internal quotation marks omitted)).

In certain instances, Petitioner presents no "specific, written objection[s]" to the R&R,

*Adams*, 855 F. Supp. 2d at 206 (internal quotation marks omitted), and instead sets forth only

vague, wide-sweeping assertions, (*see, e.g.*, Pet'r's Obj's ¶ 13 (stating that the R&R "erred in

improperly setting forth the five habeas grounds set forth in the Petition and manipulates the

heading/language of said grounds to conform to the [R&R's] findings" (italics and citations

omitted))).  In other instances, Petitioner objects to the R&R "in its entirety," (*see, e.g.*, *id.* ¶ 2

(arguing that the R&R "did not set forth a full and complete determination on all statutory factors

and arguments"); *id.* ¶ 3 (arguing that the R&R is unsupported by "evidence, facts, statutes")),

which do not constitute written objections within the meaning of Rule 72(b), *see Blume*, 2016

WL 1070847, at *13 n.14.

Thus, the Court will set aside the R&R's findings as to these claims, only if they are

"clearly erroneous or contrary to law."  *Adams*, 855 F. Supp. 2d at 206.  Having examined

Petitioner's papers and the R&R, the Court finds no substantive error, clear or otherwise, and

thereby overrules the relevant objections.

### b.  Repetition of Arguments

Many of Petitioner's other objections "rehash the same arguments set forth in the original

[P]etition."  *Carter v. Wooghter*, No. 10-CV-2143, 2015 WL 1516667, at *2 (S.D.N.Y. Apr. 3,

2015).  "[O]bjections that are merely perfunctory responses argued in an attempt to engage the

district court in a rehashing of the same arguments set forth in the original petition" are not

sufficient to "invoke de novo review of the magistrate's recommendations."  *Vega v. Artuz*, No.

97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (italics omitted); *see also*

*Williams v. Phillips*, No. 03-CV-3319, 2007 WL 2710416, at *1 (S.D.N.Y. Sept. 17, 2007)

(reviewing a report and recommendation for clear error where the "[p]etitioner's objections—

even construed liberally—repeat arguments that [he] has previously made, and do not

allege . . . any specific errors").

Petitioner challenges the R&R on multiple grounds that "do not specifically identify a

basis for error." *Carter*, 2015 WL 1516667, at *2. For example, in arguing that the R&R

erroneously found two grounds of the Petition to be unexhausted, Petitioner, without further

elaboration, merely directs the Court's attention to arguments that Petitioner had made

previously. (*See* Pet'r's Obj's ¶ 16 ("The merits of this objection are more fully set forth in

Petitioner's Reply."); *id.* ¶ 20 (same).) In other instances, Petitioner claims that the R&R

erroneously held that certain issues do not warrant "further review," (*see* Pet'r's Obj's ¶¶ 6–8),

or that Judge Davison's factual conclusions are erroneous, but merely directs the Court's

attention to the Petition itself for support, (*see id.* ¶¶ 5(i), 5(iv)). Because Petitioner's repetitive,

"conclusory arguments" do not specify how Judge Davison's conclusions are clearly erroneous,

they are thus overruled. *Carter*, 2015 WL 1516667, at *2.

### c. Factual Inconsistencies/Inaccuracies

Petitioner also argues that the R&R contains factual inaccuracies. (*See* Pet'r's Obj's ¶¶ 4,

5(iii)–(iv).) Petitioner is correct, for example, that the Order of Reference to Judge Davison is, in

fact, dated June 6, 2013, not April 5, 2012. (*See id.* ¶ 4 (citing Dkt. No. 7).) Petitioner is also

correct that he was initially stopped by officers of the Mount Pleasant Police Department, not the

Pleasantville Police Department. (*See id.* ¶ 5(iii) (citing Resp't's Opp'n Ex. N, Part III, at 38).)

"There is no indication, however, that this error," or the other errors Petitioner cites, "[were]

done knowingly or maliciously, or that . . . Petitioner was in any way prejudiced by [their]

inadvertent insertion into the [R&R]." *Romero v. Rock*, No. 08-CV-7791, 2011 WL 1467238, at

*7 (S.D.N.Y. Apr. 18, 2011). Petitioner's objections to these trivial errors are thus overruled.

## III. Conclusion

The Court hereby adopts Judge Davison's R&R. Petitioner's writ of habeas corpus is accordingly dismissed with prejudice.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability shall not be issued, *see* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–12 (2d Cir. 2000), and the Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this judgment on the merits would not be taken in good faith, *see Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("We consider a defendant's good faith . . . demonstrated when he seeks appellate review of any issue not frivolous."); *Burda Media Inc. v. Blumenberg*, 731 F. Supp. 2d 321, 322–23 (S.D.N.Y. 2010) (citing *Coppedge* and noting that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith).

The Clerk of the Court is respectfully directed to enter a judgment in favor of Respondent and to close the case. (Dkt. No. 1.)

SO ORDERED.

Dated:     July 21, 2016
           White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

24